**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CR 1053-2 |
| -vs- ) | |
| ) | Senior U.S. District Judge |
| ) | GEORGE W. LINDBERG |
| Ronald L. Smith, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant, Ronald L. Smith ("defendant") has orally moved to renew his motion to sever his trial from that of his co-defendant, Kevin Baker ("Baker"). *See* Fed. R. Crim. P. 14. The court previously denied defendant's motion to sever without prejudice as premature because it was not then apparent that both defendants were likely to go to trial.

Both defendant and Baker have been charged with: 1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count 1); and 2) attempt to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count 2). In addition, Baker has been charged with using a telephone in facilitating Count 1, in violation of 21 U.S.C. § 843(b) (Count 3).

Defendant argues that he will be prejudiced if he is tried together with Baker because Baker was apprehended "with a substantial amount of cash." Defendant further argues that since Baker's arrest, Baker has been cooperative with authorities and has "made incriminating statements against" defendant when he was not present.

To the extent defendant argues for severance based upon a spill-over of evidence admissible against Baker, severance is not warranted. Baker's apprehension with a substantial amount of cash does not rise to "a gross disparity in the weight of the evidence against the defendants," and thus severance is unwarranted on this basis. *U.S. v. Garner*, 837 F.2d 1404, 1414 (7th Cir. 1987). Nor does the fact that Baker faces an additional charge warrant severance. *Id.* Any potential problems from a possible spill-over effect in this case can be averted by admonitory jury instructions. *U.S. v. Gonzalez*, 933 F.2d 417, 426 (7th Cir. 1991); *U.S. v. Hedman*, 630 F.2d 1184, 1200 (7th Cir. 1980).

Furthermore, defendant's mere allegation of mutually antagonistic defenses is not sufficient to warrant severance because:

> Mutually antagonistic defenses do not automatically result in severance. A severance is appropriate only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or the jury would be unable to reach a reliable verdict. Simple blame-shifting does not necessarily prevent a jury from making a reliable judgment about guilt or innocence.

*U.S. v. Rivera*, 6 F.3d 431, 437-438 (7th Cir. 1993) (citations and quotations omitted).

A motion for severance based upon mutually antagonistic defenses should 1) "particularly identify those defenses that are potentially antagonistic;" 2) "identify what specific instances of prejudice will result which may lead to an unjustifiable inference of guilt or will preclude acquittal;" and 3) "include a showing as to why less drastic measures, such as limiting instructions, are insufficient to cure the potential risk of prejudice." *U.S. v. Colon*, 1998 WL 214714, *25 (N.D. Ill. 1998). Defendant has not made any of these showings. If Baker ultimately attempts to shift the blame to defendant, appropriate jury instructions will suffice "to

08 CR 1053-2

cure any potential prejudice from antagonistic defenses." *Rivera*, 6 F.3d at 438.

Finally, severance is not warranted to the extent that defendant fears the admission of Baker's incriminating statements into evidence will be used against him in violation of the Supreme Court's holding in *Bruton v. United States*, 391 U.S. 123 (1968). Proper redaction, eliminating any obvious reference to defendant, or even all references to defendant, in Baker's statement, and proper admonitory instructions to the jury will suffice to protect defendant's Confrontation Clause rights while allowing the government to use Baker's statement against Baker, should it so choose. *U.S. v. Sutton*, 337 F.3d 792, 789-799 (7th Cir. 2003); *U.S. v. Myers*, 892 F.2d 642, 647-648 (7th Cir. 1990). However, if Baker's statement cannot be redacted in such a way as to eliminate any immediate one-to-one correspondence to defendant, defendant may again renew his motion for severance. *See e.g. Sutton*, 337 F.3d at 799 (discussing cases in which the replacement words used in place of the redactions in non-testifying defendants' statements resulted in an immediate one-to-one correspondence with a co-defendant).

**ORDERED:** Defendant Ronald L. Smith's oral motion to renew his motion to sever his trial from that of co-defendant Kevin Baker is granted. Defendant's motion to sever [53] is denied without prejudice.

ENTER:

*[signature]*

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: April 21, 2010