IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08 CR 1053 |
| v. ) | |
| ) | |
| KEVIN BAKER and RONALD L. SMITH ) | Suzanne B. Conlon, Judge |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On March 5, 2009, Kevin Baker and Ronald L. Smith were charged by indictment with conspiring to possess and attempting to possess 5 kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 846. Baker was also indicted for using a telephone to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). The charges stem from defendants' efforts in December 2008 to obtain 20 kilograms of cocaine from an undercover officer. The government moves *in limine* for pretrial evidentiary rulings.

**I.    Legal Standard**

District courts have broad discretion in ruling on evidentiary issues before trial. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion *in limine* should be granted only if the evidence at issue is clearly admissible or inadmissible. *Carlson v. Banks*, No. 05 C 1650, 2007 WL 5711692, at *1 (N.D. Ill. Feb. 2, 2007) (Filip, J.). If this high standard is not met, evidentiary rulings must be deferred until trial so that issues of foundation, relevance, and prejudice can be resolved in proper context. *Wells v. Berger, Newmark & Fenchel, P.C.*, No. 07 C 3061, 2008 WL 4365972, at *1 (N.D. Ill. Mar. 18, 2008) (Conlon, J.). Denial of a motion *in limine* does not mean that evidence contemplated by the motion is either admissible or

inadmissible; it simply means the court cannot or should not make the determination outside the trial context. *Id.*

## II.     Discussion

### A.     Evidence of Baker's Flight

The government seeks an *in limine* ruling permitting it to introduce evidence of Baker's flight and evasion. On December 5, 2008, the day of his arrest, Baker signed a cooperation agreement with the government. *See* Govt. Mot. Ex. A. The agreement informed Baker he would be charged for the narcotics violation leading to his arrest, but that his cooperation could positively affect the government's charging decision and would be made known to the sentencing judge. Shortly after his release, Baker's cooperation became non-productive. Baker agreed to surrender to law enforcement officers, but then failed to do so. On December 17, 2008, a warrant was issued for his arrest. The government alleges Baker took affirmative steps to evade his arrest, including discarding his cellular phone and leaving his Ohio residence. He was arrested on February 20, 2009 in Ohio and transferred to the Northern District of Illinois.

Evidence of flight may be admissible to show a defendant's consciousness of guilt, as well as guilt itself. *United States v. Ajijola*, 584 F.3d 763, 766 (7th Cir. 2009); *United States v. Skoczen*, 405 F.3d 537, 548 (7th Cir. 2005). Because of wariness as to its probative value, courts are expected to exercise caution in admitting evidence of flight. *United States v. Robinson*, 161 F.3d 463, 469 (7th Cir. 1998); *United States v. Williams*, 33 F.3d 876, 879 (7th Cir. 1994) ("Although we allow evidence of flight to be presented, we require careful deliberation in its admission."). The probative value of flight as evidence of a defendant's guilt depends on the degree of confidence with which four inferences can be drawn: (1) from behavior to flight; (2)

from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. *Robinson*, 161 F.3d at 469.

The government argues the probative value of Baker's flight and evasion is substantial, as all four inferences are undeniably supported. Baker's "flight" began after he became aware that he was required to surrender to law enforcement to face charges stemming from his December 5, 2008 arrest. A failure to surrender may raise an inference of consciousness of guilt. *Skoczen*, 405 F.3d at 548-49 (failure to appear at preliminary hearing and departure from the state supported an inference of guilt). With respect to the third and fourth inference factors, courts look to the proximity in time of the flight to the crime charged. *United States v. Howze*, 668 F.2d 322, 325 (7th Cir. 1982). A substantial lapse of time increases the likelihood that flight was the result of something other than a sense of guilt over the charged crime. *United States v. Jackson*, 572 F.2d 636, 641 (7th Cir. 1978). The immediacy factor is greatly diminished, if not rendered irrelevant, if a defendant already knows he is accused and sought for the charged crime. *Ajijola*, 584 F.3d at 765-66. Baker knew he would be charged for the narcotics offense leading to his December 5th arrest; the cooperation agreement he signed expressly stated so. According to the government, Baker fled shortly after agreeing to surrender to law enforcement.

Baker does not dispute the government's version of events, nor does he offer an alternative explanation for his alleged flight. He insists that the evidence is irrelevant, or alternatively, that its probative value is substantially outweighed by the risk of unfair prejudice, confusion, or misleading the jury. Fed. R. Evid. 401-03. The mere fact that other explanations for Baker's flight might be conceivable does not render the evidence irrelevant. *United States v.*

*Lewis*, 797 F.2d 358, 368 (7th Cir. 1986); *United States v. Evans*, No. 09 CR 152, 2010 WL 2104171, *9 (N.D. Ill. May 25, 2010) (St. Eve, J.). Baker's arguments as to Fed. R. Evid. 403 are also unavailing. Evidence of flight would not improperly suggest to the jury that Baker had a legal obligation to cooperate. Moreover, the jury may be provided a limiting instruction clarifying this point. A cooperation agreement is a contract, and its terms were binding on Baker as well as the government. *United States v. Mattison*, 153 F.3d 406, 412 (7th Cir. 1998). Baker's argument that admission of flight evidence would place an undue burden on him to testify is meritless. The government is not prohibited from eliciting evidence merely because the defendant alone is capable of providing an innocent explanation. Baker cites no authority suggesting this is an appropriate consideration for exclusion under Rule 403.

The generalized circumstances described by the government may provide substantial support for the required inferences. Nevertheless, the admission of flight evidence requires careful deliberation. *United States v. Hunter*, 145 F.3d 946, 951 (7th Cir. 1998); *Williams*, 33 F.3d at 879. The government's motion *in limine* provides sparse factual detail as to the circumstances surrounding Baker's lack of cooperation, his agreement to surrender, and his failure to do so. Accordingly, the court defers ruling on this motion *in limine* until the government provides specific facts to support the requisite inferences.

### B. Admission of Recorded Conversations Through Officers' Testimony

Between December 3 and December 5, 2008, the Drug Enforcement Agency ("DEA") arranged for a confidential source ("CS") to engage in monitored and recorded telephone calls with defendants for the purpose of setting up a cocaine transaction. On December 5, an undercover officer, posing as a courier, met with Baker to purportedly deliver 20 kilograms of

4

cocaine. The meeting was videotaped and Baker was arrested after providing the officer with $260,000 in exchange for 20 kilograms of (fake) cocaine. The government anticipates it will seek to admit portions of audio recordings of monitored conversations, and moves *in limine* to admit the audio recordings through the testimony of law enforcement officers without calling the CS as a witness. In support of its motion, the government states that it can establish the foundation for admission of the recordings, and their introduction into evidence will not infringe on defendants' rights under the Sixth Amendment.

The CS's testimony is not required to authenticate the recordings. The government asserts it will provide the testimony of witnesses who placed the recording device on the phone used by the CS, who monitored the recorded conversations, and who are capable of identifying defendants' voices on the recorded calls. The proffered testimony is sufficient to authenticate the recordings. *United States v. Tolliver*, 454 F.3d 660, 666 n. 4 (7th Cir. 2006). But the sufficiency of the government's foundation must be assessed at trial rather than on the present record.

If an adequate foundation is laid, admission of the recorded conversations would not violate defendants' Sixth Amendment rights. The Confrontation Clause of the Sixth Amendment applies to testimonial hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004). Because the CS's recorded statements are not apparently offered for their truth, but as context for defendants' admissions, the recorded statements to not appear to constitute testimonial hearsay. *Tolliver*, 454 F.3d at 666. The admission of previously recorded conversations between informants and defendants when the recordings are offered only to provide context for the defendant's admissions is permissible. *United States v. York*, 572 F.3d 415, 427 (7th Cir. 2009); *United States v. Bermea-Boone*, 563 F.3d 621, 626 (7th Cir. 2009); *Tolliver*, 454 F.3d at 666.

5

The government represents it only intends to introduce the CS's recorded statements to provide context for defendants' statements. The government has requested and submitted a jury instruction to this effect. *See* Dkt. 117 (Government Instruction No. 13); *see also Lee v. McCaughtry*, 892 F.2d 1318, 1326 (7th Cir. 1990) (limiting instruction ensures jury's use of recording in manner consistent with Confrontation Clause). The admission of the recorded conversations at trial, in the absence of the CS's testimony, would not violate defendants' confrontation rights.

In addition, the government seeks a ruling that admission of the recordings does not implicate a right to cross-examine or impeach the CS. When an individual's statements are introduced into evidence only to provide context to otherwise admissible statements, the individual is not a "witness" for purposes of the Confrontation Clause or impeachment. *United States v. McClain*, 934 F.2d 822, 832 (7th Cir. 19991). Defendants do not have a right to cross-examine or impeach the CS under these circumstances. *Id.* If the CS's statements are introduced only to provide context for defendants' admissions, the CS is not a "witness" against defendants. Neither the Confrontation Clause nor the Federal Rules of Evidence give defendants a right to cross-examine or impeach the CS.

### C. Argument or Evidence Designed to Elicit Jury Nullification

The government seeks to bar defendants from introducing evidence or making arguments designed to induce jury nullification. In particular, the government asks the court to prohibit evidence or argument pertaining to "outrageous government conduct" or defendants' "family needs." The Seventh Circuit does not recognize a defense based on outrageous conduct by the government. *See, e.g., United States v. Knox*, 573 F.3d 441, 451 (7th Cir. 2009); *United States v.*

*White*, 519 F.3d 342, 346 (7th Cir. 2008). The government acknowledges that it may be appropriate for defendants to introduce evidence pertaining to their background, but contends that defendants should not be permitted to invoke the jury's sympathies or offer an excuse for their conduct.

Defendants state they have no intention of encouraging nullification. Nevertheless, they argue that they must be permitted to effectively examine the government's witnesses and expose credibility flaws. Argument or questioning about particular acts may be relevant during cross-examination of government witnesses. *United States v. Boender*, No. 09 CR 186, 2010 WL 811296, *3-4 (N.D. Ill. March 3, 2010) (Dow, J.). The government's motion *in limine* is purely hypothetical at this point. The court shall rule on objections to specific arguments or questions as they arise at trial, when admissibility may be determined in context. The government's motion is premature.

### D. Potential Punishment

The government moves to preclude defendants from introducing evidence or making arguments to the jury about defendants' potential punishment. Informing juries about the sentencing consequences of guilty verdicts is strongly disfavored. *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). Defendants concede it would be improper to raise the punishment issue. The motion is therefore moot.

### E. Issues Regarding Discovery

The government seeks to preclude defendants from requesting discovery or otherwise commenting on discovery in the jury's presence. Discovery requests or discussions in the jury's presence could create the impression that one party is withholding information. *United States v.*

*Dochee*, No. 08 CR 108, 2009 WL 102986, *1 (N.D. Ill. Jan. 15, 2009) (Der-Yeghiayan, J.). Defendants agree that discovery issues should not be discussed in the jury's presence. The government's motion is moot.

### F. Motion to Recall Witnesses

The government moves *in limine* for permission to recall witnesses during its case in chief. The government argues the jury will most effectively understand the evidence if it is presented in an episodic manner, which might require the recall of witnesses to testify to particular events. Although defendants raise no objection, the court has substantial discretion in its control of the presentation of trial evidence, including allowing the recall of witnesses. Fed. R. Evid. 611(a); *United States v. Givens*, 9 F.3d 113 (Table), *6 (7th Cir. 1993). The government has not shown that proceeding in an episodic manner will aid the jury's understanding of the case or avoid the needless consumption of time. Fed. R. Evid. 611(a). Accordingly, the motion is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

August 9, 2010